IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HELEN CASTRO BETANCOURT,<br>Plaintiff,<br><br>v.<br><br>WAL MART STORES, INC., et. al.,<br>Defendants. | CIVIL NO. 15-1536 (GAG) |

**OPINION AND ORDER**

**INTRODUCTION**

On May 13, 2013, Plaintiff Helen Castro Betancourt ("Plaintiff" or "Castro") fell in the aisle of a Wal-Mart store located in Hemet, California. Plaintiff avers she unexpectedly slipped and fell on a puddle of water which had accumulated in the aisle floor near the produce area from a display of flowers, which was a known and preventable hazard to store customers and created an unreasonable risk of harm to her and others. Plaintiff claims damages against Wal-Mart, its insurer and several unknown entities, alleging they had either actual or constructive notice of the condition creating an unreasonable risk of harm, and are therefore responsible. Plaintiff, an unemployed nurse, alleges her injuries have made her job search impossible and have effectively ground her nursing career to a halt. She seeks damages in the form of physical and mental injuries, mental and emotional anguish, ongoing pain and suffering, and economic losses under Article 1802 of Puerto Rico Civil Code, P.R. Laws Ann., tit. 31 § 5141. Defendants are Wal-Mart Stores, Inc. ("Wal-Mart") a corporation organized and operating under the laws of Delaware, with its principal place of business in the state of Arkansas, and several unknown defendants.

Helen Castro Betancourt v. Wal-Mart Stores, Inc., et al.
Civil No. 15-1536 (GAG)
Opinion and Order
Page 2

_____

Initially, Wal-Mart Stores failed to appear and was in default, and as a result thereof, Plaintiff moved for default judgment. (Docket No. 14). On October 1, 2015, the presiding District Judge referred this case to the undersigned for Report and Recommendation, and a hearing, if necessary, on Plaintiff's petition for default judgment. Shortly thereafter, Wal-Mart made an initial appearance, arguing lack of proper venue pursuant to 28 U.S.C.A. § 1391 (b). In light of this, the Court ordered Plaintiff to move to dismiss or transfer the instant case for improper venue, and the presiding District Judge referred the venue issue to the undersigned for disposition.[1] (Docket Nos. 23 and 28).

Wal-Mart complied, and argued the Court lacks personal jurisdiction over it, insofar as it is a non-resident defendant with no ties or contacts with Puerto Rico. Wal-Mart further argues that it does not do business and has committed no tortious act in Puerto Rico and, therefore, Puerto Rico's long-arm statute cannot exercise personal jurisdiction over Wal-Mart. Thus, the case should be dismissed. In the alternative, Wal-Mart argues, Puerto Rico is an improper venue and the case should be transferred to the proper forum, California, where the incident object of this case occurred.

Plaintiff opposed the request, arguing strenuously for both the application of personal and general jurisdiction by this Court. As a justification against venue transfer,

---

[1] Specifically, the presiding District Judge referred this case to the undersigned "for disposition as to transfer of venue issue. If matter is not transferred, then a Report and Recommendation shall be issued as to personal jurisdiction issue." Docket No. 28.

Case 3:15-cv-01536-GAG-CVR   Document 40   Filed 01/07/16   Page 3 of 7

Helen Castro Betancourt v. Wal-Mart Stores, Inc., et al.
Civil No. 15-1536 (GAG)
Opinion and Order
Page 3
_____

Plaintiff argues that Wal-Mart is a world renowned corporation that could more easily absorb the costs of litigation.

## LEGAL ANALYSIS

Pursuant to the presiding District Judge's directives, the Court begins with an analysis of the venue issue for disposition.

In Piper Aircraft v. Reyno, the United States Supreme Court stated "that there is ordinarily a strong presumption in favor of the plaintiff's choice of forum...." 454 U.S. 235, 255, 102 S.Ct. at 265-66 (1981).   At that time, the Court also noted that "it is reasonable to assume that this choice is convenient."  Id. at 255-56, 102 S.Ct. at 266 (citation omitted). Notwithstanding that reasonable assumption, the Supreme Court added that the choice of a home forum "may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum."  Id. at 255, 102 S.Ct. at 266.

Pursuant to 28 U.S.C. § 1391, a civil action may be brought:

(1)     a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2)     a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3)     if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Wal-Mart posits that Puerto Rico is an improper forum for this case because the Court lacks personal jurisdiction over Wal-Mart, insofar as it is a corporation organized

Helen Castro Betancourt v. Wal-Mart Stores, Inc., et al.
Civil No. 15-1536 (GAG)
Opinion and Order
Page 4

_____

under the laws of Delaware and with its principal place of business in Arkansas. Section 1 of 28 U.S.C. § 1391 is obviously inapplicable because Wal-Mart is not a resident of Puerto Rico. Since the incident object of this case occurred in California, Section 2 of 28 U.S.C. § 1391 is clearly applicable. The Court finds Section 3 of 28 U.S.C. § 1391 to be inapplicable as well, as the action can be brought in California pursuant to Section 2. Having determined that another venue, California, is appropriate for the filing of this claim under Section 2, the Court turns to the reasons supporting the transfer request.

Section 1404(a) places discretion in the District Court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239 (1988) (*citing* Van Dusen v. Barrack, 376 U.S. 612, 622, 84 S.Ct. 805 (1964)). The statute states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C.A. § 1404. A determination of appropriate venue under § 1404(a) lies in the sound discretion of the district court. See Cianbro Corp. v. Curran–Lavoie, 814 F.2d 7, 11 (1st Cir. 1987).

In analyzing whether any action should be transferred, the United States Supreme Court has laid out some issues the Court must consider, to wit, "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises …;

Helen Castro Betancourt v. Wal-Mart Stores, Inc., et al.
Civil No. 15-1536 (GAG)
Opinion and Order
Page 5

_____

and all other practical problems that make trial of a case easy, expeditious and inexpensive." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839 (1947). (superseded by statute on other grounds).

     Several public interest factors should also be considered such as the administrative difficulties that follow for courts when litigation is piled up in congested centers instead of being handled at its origin; that jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation; and that there is a local interest in having localized controversies decided at home. Id. at 508–09, 67 S.Ct. 839. The First Circuit has held that this list of factors is merely suggestive of the broad range of relevant considerations that the Court must examine in order to determine the best course of action. Royal Bed & Spring Co. v. Famossul Industria e Comercio de Moveis Ltda., 906 F.2d 45, 52 (1st Cir. 1990). ("The total relevant factors analysis... permits a "flexible and individualized analysis" which considers "the parties' private expression of their venue preferences" as well as "public-interest factors of systemic integrity and fairness"). The burden of proof rests with the party seeking transfer because of the strong presumption favoring a plaintiff's choice. See Coady, 223 F.3d at 11 (*citing* Gulf Oil, 330 U.S. at 508, 67 S.Ct. 839).

     Turning to the instant case, the Court finds Wal-Mart has satisfied its burden and shown that the transfer of this case is the best course of action. For obvious reasons, the present case could have been filed in California, as it is undisputed that the events giving rise to Plaintiff's claims occurred there. Moreover, besides Plaintiff and a possible eye

witness, the relevant witnesses as well as other evidence of the alleged events is readily available in California. It would be unfairly burdensome to require the relevant witnesses, most of which will be located in California, to attend trial in Puerto Rico. This, notwithstanding the fact that Wal-Mart is a large corporation that could possibly withstand the burden of litigating in Puerto Rico. Holding the trial at the place where the events occurred will be far more convenient to those witnesses and less expensive. Furthermore, it is common knowledge that this Court is heavily congested with an ever expanding criminal docket. Thus, the administrative difficulties that would follow this case would be avoided if it is handled in its place of origin.

The Court also finds that, other than the fact that Plaintiff resides in Puerto Rico, there is no relation between the alleged events and Puerto Rico. It would clearly be a burden to impose jury duty upon the people of Puerto Rico when they have no relation to the litigation. See Arroyo-Perez v. Demir Grp. Int'l, 733 F. Supp. 2d 314, 318 (D.P.R. 2010) (*quoting* Wine Mkts. Int'l, Inc. v. Bass, 939 F.Supp. 178, 183 (E.D.N.Y. 1996) ("where the transactions or facts giving rise to the action have no material relation or significant connection to the plaintiff's chosen forum, then the plaintiff's choice is not accorded the same 'great weight' and in fact is given reduced significance.")

In light of the aforementioned analysis, the Court finds that sufficient factors weigh in favor of transferring the present case to California. Consequently, the Court hereby ORDERS that this case be transferred to the United States District Court for the Central District of California, Eastern Division.

<u>Helen Castro Betancourt v. Wal-Mart Stores, Inc., et al.</u>
Civil No. 15-1536 (GAG)
Opinion and Order
Page 7
_____

## CONCLUSION

For all the aforementioned reasons, the present case is hereby TRANSFERRED to the United States District Court for the Central District of California, Eastern Division.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 7th day of January, 2016.

                                           S/CAMILLE L. VELEZ-RIVE
                                           CAMILLE L. VELEZ RIVE
                                           UNITED STATES MAGISTRATE JUDGE